# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHANDRA LATRELLE PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV414-217 |
| ) | |
| BETH ROBINSON, ) | |
| City of Savannah - HR Department, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Chandra Latrelle Porter sues Beth Robinson for employment discrimination. Doc. 1. The totality of her Complaint: "Discrimination -- Title VII & ADEA based on age/race regarding promotional opportunities; racial bias in work assignments that have impacted my career development/progression and pay." Doc. 1 at 2-3.[1]

---

[1] She otherwise fails to set forth a basic, who-what-when-why narrative (e.g., that she is a Title VII protected class member who applied for a specific promotion but her employer preferred a nonminority applicant over her, even though she was more qualified and thus race drove that decision (for Title VII liability), and/or that age was a but-for factor (for Age Discrimination in Employment Act liability), per the standards set forth below. Instead, she simply attached a mass of papers to her Complaint, then wrote "see attached." Doc. 1 at 7.

This Court, however, will not analyze a pile of papers, research the law, then raise legal recovery theories (hence, advocate) for those who appear before it. *Boles v. Riva*,

Even though Porter has paid the filing fee, this Court has the authority to screen and, if it is patently frivolous, dismiss her case. *Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. Dec. 3, 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Woltco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983) (district courts have inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties); *Machulas v. Lanier*, 2013 WL 6795597 at * 1 (S.D. Ga. Dec. 19, 2013); *Basilio v. Nassau County*, 2013 WL 6145783 *3 (E.D.N.Y. Nov. 21, 2013).

Title VII makes it unlawful for an *employer* to "fail or refuse to hire

---

565 F. App'x 845, 846 (11th Cir. 2014); *Swain v. Colo. Tech. Univ.*, 2014 WL 3012693 at * 2 (S.D. Ga. June 12, 2014) ("Swain has simply jumbled several factually undeveloped legal conclusions together in unadorned, "they legally wronged me" fashion. She also has failed to abide [Fed. R. Civ. P.] 10(b)'s command to plead with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. The Court also declines her implied invitation to search the law for viable legal theories of recovery.") (quotes and cite omitted); *Lemons v. Lewis*, 969 F. Supp. 657, 659 (D. Kan. 1997) (it is not "the court's function to become an advocate for the *pro se* litigant"), *cited in Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb 18, 2009) ("judges must not raise issues and arguments on plaintiffs' behalf"); *cf. Johnson v. Razdan*, 564 F. App'x 481, 484 (11th Cir. 2014) ("Although *pro se* briefs are to be construed liberally, a *pro se* litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color...." 42 U.S.C. § 2000e–2(a)(1).[2] There are a lot of things to plead and prove on an Age Discrimination in Employment Act (ADEA) claim,[3] but ultimately, when an employer shows it had a non-ADEA-violating reason

---

[2] As recently explained:

> "In the failure-to-promote context, the [Title VII] prima facie case consists of showing these elements: (1) that the plaintiff belongs to a protected class; (2) that she applied for and was qualified for a promotion; (3) that she was rejected despite her qualifications; and (4) that other equally or less-qualified employees outside her class were promoted." *Bryant v. Dougherty Cnty. Sch. Sys.*, 382 F. App'x 914, 917 (11th Cir. 2010) (cite omitted); *Fodor v. Eastern Shipbuilding Group*, 2014 WL 1478845 at * 9 (N.D.Fla. Apr.15, 2014).

*Simmons v. Five Star Quality Care, Inc.*, 2014 WL 6603759 at * 2 (S.D. Ga. Nov. 19, 2014).

[3] Also as recently explained:

> for age discrimination a plaintiff must show: "(1) that [s]he was a member of the protected group of persons between the ages of forty and seventy; (2) that [s]he was subjected to adverse employment action; (3) that a substantially younger person filled the position that [s]he sought or from which [s]he was discharged; and (4) that [s]he was qualified to do the job for which [s]he was rejected." *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998); *Salazar v. McGillicuddy Works, LLC*, 2012 WL 6892720 at * 3 (S.D. Ga. Dec. 20, 2012).

*Simmons*, 2014 WL 6603759 at * 2; *see also McQueen v. Wells Fargo*, 573 F. App'x 836, 839 (11th Cir. 2014) (62-year old employee did not establish that she was replaced by, or treated less favorably than, a substantially younger person, and thus the employee failed to establish a prima facie case of age discrimination against a temporary staffing agency and a client employer under the ADEA).

3

for its decision, the employee must show that a triable issue exists as to whether his age was a but-for cause of the adverse employment action. *Delaney v. Bank of America Corp.*, 766 F.3d 163, 167-68 (2nd Cir. 2014).

Finally, as explained in *Reddish v. Crab Shack*, 2014 WL 6617052 at * 1 (S.D. Ga. Nov. 21, 2014), Title VII authorizes employees to sue their *employer*, not their supervisor. *Bryant v. Dougherty County Sch. Sys.*, 382 F. App'x 914, 916 n. 1 (11th Cir. 2010); *Fulst v. Thompson*, 2009 WL 4153222 at * 3-4 (S.D. Ohio Nov. 20, 2009) ("Supervisory employees are not typically proper defendants under Title VII because they do not fall within the definition of 'employer.'"). Likewise, "the Eleventh Circuit has refused to recognize individual capacity claims under the ADEA. *Albra v. Advan, Inc.*, 490 F.3d 826, 803 (11th Cir. 2008); *see also Smith v. Lomax*, 45 F.3d 402, 404 n. 4 (11th Cir. 1995) (individuals "cannot be held liable under ADEA or Title VII"); *Griswold v. Ala. Dept. of Indus. Relations*, 903 F. Supp. 1492 (M.D. Ala. 1995) (dismissing individual capacity ADEA claims against individual supervisors)." *Danner v. Sumter County Bd. of Educ.*, 2013 WL 832336 at * 2 (N.D. Ala. Feb. 28, 2013).

In this case Porter sues *only* Beth Robinson of the City of Savannah's HR Department, doc. 1 at 5 ("Defendant's name"); *see also* doc. 1-3 at 1 (memo to Robinson in her supervisorial capacity). Hence, her case is dead on arrival. And again -- the Court must "liberally construe *pro se* pleadings," *Tennyson v. ASCAP*, 477 F. App'x 608, 609-10 (11th Cir. 2012), 5 (11th Cir. 2011), but may *not* "rewrite a deficient pleading in order to sustain an action." *Porter v. Duval Cnty. Sch. Bd.*, 406 F. App'x 460, 462 (11th Cir. 2010) (quotes and cite omitted); *Hopkins v. JP Morgan Chase Bank, N.A.*, 2014 WL 3747314 at *4 (M.D. Fla. July 29, 2014) ("a *pro se* party must follow the rules of procedure and evidence, and the district court has no duty to act as a *pro se* party's lawyer.") (quotes, cite and brackets omitted). It thus cannot suggest ways for Porter to re-plead and salvage her case. Hence, this case must be **DISMISSED WITH PREJUDICE**, but she is free to seek leave to do so within the 14-day Objection period set forth in Fed. R. Civ. P. 72(b)(2).

**SO REPORTED AND RECOMMENDED** this 27TH day of January, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA